## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TOKYO STEEL MANUFACTURING CO., LTD.<br><br>Plaintiff<br><br>v.<br><br>United States,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Court No. 22-00180<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Tokyo Steel Manufacturing Co., Ltd. ("Tokyo Steel"), by and through its counsel, states the following claims against Defendant United States:

## INTRODUCTION

1. Plaintiffs seek judicial review of the U.S. Department of Commerce's ("Commerce") final results of antidumping duty administrative review and final determination of no shipments of hot-rolled steel flat products from Japan, covering the period October 1, 2019, through September 30, 2020.  *See Certain Hot-Rolled Steel Flat Products from Japan: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019-2020*, 87 Fed. Reg. 31,523 (May 24, 2022) (Case No. A-588-874) ("Final Results"). Issue and Decision Memorandum dated May 18, 2022 ("Final I&D Memo").

## JURISDICTION

2. The Court has jurisdiction over this action pursuant to 19 U.S.C.§ 1516a(a)(2)(A)(i)(I) and 19 U.S.C.§ 1516a(2)(B)(iii) to review a final affirmative less than fair value determination issued by Commerce under 19 U.S.C. § 1675. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

3. Plaintiff Tokyo Steel is a foreign producer of hot-rolled steel flat products from Japan ("subject merchandise") who was a party to the antidumping administrative review determination now being challenged. Plaintiff Tokyo Steel is an interested party as defined in 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3), and Plaintiff fully participated in the proceeding being challenged. Therefore, Plaintiff has standing to bring this action under 19 U.S. C. § 1516a(d) and 28 U.S.C. §2631(e).

## TIMELINESS OF THIS ACTION

4. Commerce published its notice of the *Certain Hot-Rolled Steel Flat Products from Japan: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments*; *2019-2020*, 87 Fed. Reg. 31,523 (May 24, 2022).

5. This action was commenced with the filing of the Summons on June 21, 2022, within 30 days of the publication of the *Final Results*. Accordingly, this action is timely filed. 19 U.S.C. § 1516a(a)(2)(A).

## STATEMENT OF FACTS

6. On December 8, 2020, Commerce initiated its administrative review for the AD duty order on certain hot-rolled flat steel products from Japan for the review period from October 1, 2019, through September 30, 2020. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 78,990 (Dec. 8, 2020).

7. On April 21, 2021, Commerce released U.S. import data from Customs and Border Protection ("CBP") for the purpose of respondent selection, and provided an opportunity for interested parties to comment on these data. *See* Memorandum, "Administrative Review of the Antidumping Duty Order on Certain Hot-Rolled Steel Flat Products from Japan: Release of U.S. Customs Entry Data for Respondent Selection" ("CBP Data Memorandum"), dated April 21, 2021.

8. On April 28, 2021, Tokyo Steel submitted its respondent selection comments. Tokyo Steel specifically requested that Commerce "update and amend its partial disclosure of U.S. Customs and Border Protection ("CBP") import data to include the Department's original data query to CBP as well as the original, unmodified excel file provided in response to that query." *See* Tokyo Steel's Letter, "Comments on CBP Data and Request for Disclosure: Certain Hot-Rolled Steel Flat Products from Japan" ("Tokyo Steel RS Comments"), dated April 28, 2021.

9. On June 11, 2021, Commerce released the CBP Data Query Form. *See* Memorandum, "Administrative Review of the Antidumping Duty Order on Certain Hot-Rolled Steel Flat Products from Japan; 2019-2020: CBP Data Query Form" ("CBP Data

Query Form"), dated June 11, 2021. Commerce, in part, released the data query of the underlying the previously released import data; however, certain information requested related to the changes to the Automated Commercial Environment coding system did not correspond to the data fields included in the previously released import data.

10. On June 15, 2021, Tokyo Steel submitted follow-up comments on the CBP Data Query Form, where Tokyo Steel specifically requested to (1) "clarify whether all imports under A-588-874-000 were included in the query results", (2) "expand the company names text box in order to confirm that the Department obtained accurate and complete import data for the relevant time period, and (3) "confirm the accuracy and completeness of the import data reviewed by the Department, we request disclosure of the actual Excel file returned by Ms. Marcia short in response to the data query." *See* Tokyo Steel's Letter, "Tokyo Steel's Comments on Department's Import Data Query: Certain Hot-Rolled Steel Flat Products from Japan" ("Tokyo Steel CBP Query Form Comments"), dated June 15, 2021.

11. On June 29, 2021, Commerce selected Nippon Steel Corporation ("NSC") as the mandatory respondent. *See* "Respondent Selection for the 2019-2020 Antidumping Duty Administrative Review of Certain Hot-Rolled Steel Flat Products from Japan" ("Respondent Selection Memo"). Furthermore, in accordance with Tokyo Steel's requests listed in Tokyo Steel CBP Query Form Comments, Commerce provided the following responses: (1) "Commerce can confirm that all imports under A-588-874-000 were included in the query results, as multiple A-588-874-000 entries were shown under the 'Antidumping Case Number' column of the Excel spreadsheet data", (2)

"Commerce can also confirm that all companies under review were included in the data query request", and (3) "Commerce released the CBP import data in Excel spreadsheet from the CBP import data query in its entirety as received, without any modification [stating that Commerce provided the requested information in the CBP Data Memorandum, dated April 21, 2021]."

12. On October 29, 2021, Commerce published its Preliminary Issues and Decision Memorandum ("Prelim I&D Memo").

13. On November 19, 2021, Commerce published its preliminary AD determination. *See Certain Hot-Rolled Steel Flat Products From Japan: Preliminary Results of Antidumping Duty Administrative Review and Preliminary Determination of No Shipments; 2019-2020*, ("Preliminary Results") 86 Fed. Reg. 64,901 (Nov. 19, 2021). In its *Preliminary Results*, Commerce calculated a dumping margin of 26.81% for NSC. As one of the Non-Examined Companies, Tokyo Steel's dumping margin was also set at 26.81%.

14. On December 21, 2021, NSC submitted its Case Brief. *See* NSC's Letter, "Certain Hot-Rolled Steel Flat Products from Japan: NSC's Case Brief," dated December 21, 2021.

15. On December 27, 2021, Tokyo Steel submitted its Rebuttal Brief. *See* Tokyo Steel's Letter, "Letter in lieu of Rebuttal Brief: Certain Hot-Rolled Steel Flat Products from Japan", dated December 27, 2021.

16. On May 19, 2022, Commerce published its "Issues and Decision Memorandum for the Final Results of the Antidumping Duty Administrative Review:

Certain Hot-Rolled Steel Flat Products from Japan; 2019-2020" ("Final I&D Memo") and "Final Results Margin Calculation for Nippon Steel Corporation" ("Final Calculation Memo").

17. On May 24, 2022, Commerce issued its *Final Results* assigning an AD rate of 24.07% for NSC and the Non-Examined Companies. *See Final Results*.

## STATEMENT OF CLAIMS

18. In the following respects, and for other reasons apparent from the administrative record of the underlying 2019-2020 AD administrative review, Commerce's decision in the *Final Results* is not supported by substantial evidence on the record and otherwise not in accordance with law.

**Count 1:   Commerce Improperly Deducted Section 232 Duties from NSC's U.S. Prices**

19. Tokyo Steel hereby realleges and incorporates by reference paragraphs 1 through 18.

20. For its *Final Results*, Commerce improperly deducted section 232 duties from U.S. price. *See Final Results* and *Final I&D Memo*.

21. As argued below, Section 232 duties on steel imports are not like ordinary customs duties. Rather, Section 232 duties are far more similar to antidumping ("AD") and Section 201 duties—which the Commerce does not consider to be "United States import duties" for purposes of 19 U.S.C. § 1677a(c)(2)(A).

22.     For these reasons, Commerce's decision to deduct section 232 duties from U.S. price was not supported by substantial evidence or otherwise in accordance with law.

**Count 2:     Commerce Erred by Increasing the Total Cost of Manufacturing to Account for NSC's Purchases of Iron Ore from its Affiliated Suppliers**

23.     Tokyo Steel hereby realleges and incorporates by reference paragraphs 1 through 22.

24.     Under 19 U.S.C. § 1677b(f)(2), "A transaction directly or indirectly between affiliated persons may be disregarded if, in the case of any element of value required to be considered, the amount representing that element does not fairly reflect the amount usually reflected in sales of merchandise under consideration in the market under consideration".

25.     In the *Final Results*, Commerce evaluated the average price NSC paid for iron ore (i.e., fine ore, lump ore, and pellets) to affiliated parties and the average price it paid to unaffiliated parties. *See Final Results* and *Final I&D Memo*. In comparing the prices of fine ore and lump ore NSC had purchased from affiliated suppliers and unaffiliated suppliers, Commerce failed to account for the relatively lower quality (i.e., lower iron content) of the ore purchased from NSC's affiliated suppliers.

26.     As argued below, Commerce's decision to disregard NSC's iron ore transactions with affiliates was inconsistent with 19 U.S.C. §l677b(f)(2) because the record indicates that the prices paid to NSC's affiliates for lower-quality iron ore fairly

reflect that the prices are lower than the market price on the record, which are for higher-quality ores.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, for the foregoing reasons, Tokyo Steel prays that this Court enter judgment as follows:

(A)   Enter judgment in favor of Tokyo Steel;

(B)   Hold as unlawful Commerce's final results in the contested administrative review that are the subject of this Complaint,

(C)   Remand this proceeding to Commerce with instructions to publish revised final results in conformity with the Court's decision; and

(D)   Grant Plaintiff such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Daniel L. Porter

Daniel L. Porter
James P. Durling
James C. Beaty
Ana M. Amador Gil

**Curtis Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
202-452-7373

*Counsel for Tokyo Steel Manufacturing Co., Ltd.*

June 22, 2022